**KAZEROUNI LAW GROUP, APC**
David McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Nadir O. Ahmed, Esq. (SBN: 290810)
nadir@kazlg.com
2221 Camino del Rio S #101,
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
AMIT SHINTRE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT SHINTRE, an individual,<br><br>         Plaintiff(s),<br><br>  vs.<br><br>EARNEST, LLC, a corporation; and DOES 1 through 30, inclusive,<br><br>         Defendant(s). | Case No.: 3:23-cv-02557<br><br>**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF:**<br><br>1. WRONGFUL TERMINATION – RACE, RELIGION AND/OR NATIONAL ORIGIN [42 U.S.C. §§2000e—2000e–17]<br><br>2. WRONGFUL TERMINATION – RACE, RELIGION AND/OR NATIONAL ORIGIN [ Cal. Govt. Code §§ 12900. *et seq.*]<br><br>**[JURY TRIAL DEMANDED]** |

## I. INTRODUCTION

1. This action is brought by AMIT SHINTRE ("SHINTRE" or "Plaintiff") against his former employer, EARNEST, LLC ("EARNEST or "Defendant"), wrongful termination on the basis of the race, religion and/or national origin.

2. This action is brought under 42 U.S.C. §§2000e—2000e–17 (Title VII of the Civil Rights Act of 1964 "Title VII"), and California Government Code § 12900 *et seq*. (Fair Employment and Housing Act "FEHA").

3. Title VII was enacted to prohibit employment discrimination based on race, color, religion, sex or national origin.  The purpose of the act is to provide relief against discrimination.  (42 USC §§2000e—2000e–17)

4. FEHA establishes a comprehensive scheme for combating employment discrimination. As a matter of public policy, the act recognizes the need to protect and safeguard the right and opportunity of all persons to seek and hold employment free from discrimination. (Govt. Code §  12920.) That policy is fundamental. *Brown v. Superior Court*, (1984), 37 Cal. 3d 477.

5. The opportunity to be free from discriminatory practices in seeking, obtaining, and holding employment is a civil right, and the express purpose of the California Fair Employment and Housing Act is to provide effective remedies which will eliminate such discriminatory practices.  The act is to be construed liberally so as to accomplish this purpose. *Goldman v. Wilsey Foods*, (1989) 216 Cal. App. 3d 1085.

6. Plaintiff seeks back pay, front pay, compensatory damages, general damages, special damages, punitive damages, attorney's fees and costs, as well as a declaratory judgment and injunction to restrain Defendant employer from committing prohibited personnel practices, policies, customs and usage.  Plaintiff seeks injunctive relief requiring the Defendant to take specific actions designed, implemented and confirmed by qualified outside consultants to ensure that all supervisory employees are adequately trained to identify, investigate and stop situations and complaints discussed herein.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## II. PARTIES

8. **Plaintiff**, AMIT SHINTRE, is a resident of, and domiciled in Saint Louis, Missouri.

9. **Defendant**, EARNEST, LLC is a limited liability company formed under the laws of Delaware. Defendant is actively engaged in business in, and employs over 15 employees in San Francisco, California. Defendant reached out to Plaintiff from San Francisco, California to employ Plaintiff. In turn, this employment relationship forms the basis of this action.

10. Defendant, DOES: Plaintiff is ignorant of the names and capacities of those Defendants sued herein as DOES 1 – 30, inclusive, and for that reason has sued such Defendants by such fictitious names. When the true names and capacities of these Defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

## III. JURISDICTION, AND VENUE

11. Jurisdiction and venue over this claim rest in United States District Court for the Northern District of California because the claims in this complaint arise from PLAINTIFF's employment with DEFENDANT, who is geographically within the jurisdiction and venue of this court.

12. Pursuant to 28 U.S.C § 1331, district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Here, the claims arise under federal law and raise a federal question. This action is brought under 42 U.S.C. §§2000e—2000e–17.

13. Pursuant to 28 U.S.C. § 1367, district court has supplemental jurisdiction over the additional state claims, since they form part of the same case or controversy as the original federal claim. The Federal and State claims share a common nucleus of operative facts, namely wrongful termination, and unlawful discrimination in the workplace.

14. The employment relationship that gives rise to this complaint geographically took place within this court's jurisdiction. The unlawful employment practices alleged in this complaint occurred within this court's jurisdiction.

## IV. EXHAUSTION OF REMEDIES & PROCEDURAL REQUIREMENTS

15. SHINTRE filed a, religion, national origin, and race discrimination charge against EARNEST with the U.S. Equal Employment Opportunity Commission ("EEOC"). SHINTRE has received the right to sue from the EEOC. In accordance to 42 U.S.C. §§2000e-5(f)(1), 12117(a), SHINTRE filed this action within 90 days from the date that the EEOC issued a right to sue letter to SHINTRE. Thus, SHINTRE has exhausted his administrative remedies, and has properly brought this action before this court.

16. SHINTRE filed a discrimination and harassment charge against EARNEST with the California Department of Fair Employment and Housing ("DFEH"). SHINTRE has received the right to sue from the DFEH. In accordance to Govt. Code §12965(b), SHINTRE filed this action within 1 year from the date that the DFEH issued a right to sue letter to SHINTRE. Thus, SHINTRE has exhausted his administrative remedies, and has properly brought this action before this court.

## V. STATEMENT OF FACTS

17. On or about September 29, 2021, EARNEST hired SHINTRE as a Business Operations Manager with an employment start date of October 18, 2021. SHINTRE was a paid a base salary of $140,000 per year. In addition, SHINTRE

would receive an annual performance bonus totaling twenty percent of his annual salary.

18. Throughout his employment with EARNEST, SHINTRE excelled at his work. On or about, January 31, 2022 SHINTRE received a performance bonus of $7,335.62 as a reflection of this successful performance.

19. Initially, Lena Chukhno ("CHUKHNO") was SHINTRE's manager. On March 4, 2022, a new manager, Scarlett Li ("LI"), was employed by EARNEST to supervise SHINTRE. SHINTRE, a south Asian male, began experiencing harassment from his new manager based on his race, religion and Indian ancestry.

20. On several occasions LI made derogatory remarks about SHINTRE's race, ethnicity, and religion. She denigrated SHINTRE's ethnic, racial and religious background by mocking him for worshipping cows and not eating meat. She also made derogatory remarks about another South Asian coworker. In turn, LI disparaged the two South Asian coworkers by making derogatory generalizations about South Asians being incompetent and untrustworthy.

21. Then, LI proceeded to remove SHINTRE from several projects which she attributed to her lack of trust in him. LI subsequently refused to assign SHINTRE to projects which typically fell within his job description, and cancelled SHINTRE's weekly department meetings.

22. On May 6, 2022, EARNEST terminated SHINTRE's employment. EARNEST claimed that the termination was due to under performance, complaints from team leads, and negative performance feedback from my previous supervisor. But this is merely a false pretext, as SHINTRE had never previously received any written or verbal notice or documentation regarding negative performance and all documented feedback from his previous manager shows SHINTRE's history of positive performance. This included an evaluation on January 31, 2022, that indicated he was meeting EARNEST's expectation.

23. As a result of EARNEST's unlawful actions, SHINTRE has suffered

from substantial losses in income and has incurred other economic and non-economic losses. He has also suffered emotional distress, humiliation, shame, and embarrassment.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION – RACE, RELIGION AND/OR NATIONAL ORIGIN

**[42 U.S.C. §§2000e—2000e–17]**

24. Plaintiff SHINTRE realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

25. Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000e—2000e–17) (Title VII) prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. §2000e–2(a).

26. Remedies under Title VII include lost earnings, compensatory damages, including emotional distress damages, punitive damages, and recovery of attorney fees and costs.

27. At all times herein mentioned, Title VII was in full force and effect and fully binding upon Defendant. Plaintiff is a member of a group protected by the statute.

28. Here, EARNEST violated Title VII by discriminating against SHINTRE on the basis of his race, religion and/or national origin, when he was terminated from his employment. Furthermore, EARNEST's offered reason that his termination was based on negative performance was not grounded in the truth and was therefore pretextual.

29. On March 4, 2022, EARNEST placed LI as SHINTRE's manager. SHINTRE, a south Asian male, began experiencing harassment from his new manager based on his race, religion and/or South Asian ancestry.

30. On several occasions LI made derogatory remarks about SHINTRE's race, ethnicity, and religion. She denigrated SHINTRE's ethic, racial and religious background by mocking him for worshipping cows and not eating meat. She also made derogatory remarks about another Indian coworker. In turn, LI compared the two coworkers by making derogatory generalizations about their race being incompetent and untrustworthy.

31. Then, LI proceeded to remove SHINTRE from several projects which she attributed to her lack of trust for him. LI subsequently refused to assign SHINTRE to projects which typically fell within his job description, and cancelled SHINTRE's weekly department meetings.

32. On May 6, 2022, EARNEST terminated SHINTRE's employment. EARNEST claimed that the termination was due to under performance, complaints from team leads, and negative performance feedback from my previous supervisor. But this is merely a false pretext, as SHINTRE had never previously received any written or verbal notice or documentation regarding negative performance and all documented feedback from his previous manager shows SHINTRE's history of positive performance. This included an evaluation on January 31, 2022, that indicated he was meeting EARNEST's expectation.

33. EARNEST terminated SHINTRE employment without providing any notice or warning that he was underperforming. During the course of his employment SHINTRE was a model employee. He received no warnings or any other documentation alleging unsatisfactory job performance or negative behavior.

34. These facts show that EARNEST discriminated against SHINTRE on the basis of race, religion and/or national origin, and in turn wrongfully terminated his employment.

35. As a direct, foreseeable and proximate result of EARNEST's unlawful actions, SHINTRE has suffered, and continues to suffer substantial losses in earnings, equity and other employment benefits, and has incurred other economic and non-

economic losses.  As a further direct, foreseeable and proximate result of EARNEST's unlawful actions, SHINTRE has suffered emotional distress, humiliation, shame, and embarrassment.  In this manner, SHINTRE is entitled to recover compensatory damages to compensate for lost wages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

36. EARNEST, through its agents, committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring SHINTRE, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of SHINTRE.  In this manner, SHINTRE is entitled to recover punitive damages from EARNEST.

37. Therefore, EARNEST is liable for wrongful termination in violation of Title VII.

38. Plaintiff also requests relief as described below.

## SECOND CAUSE OF ACTION
## WRONGFUL TERMINATION – RACE, RELIGION AND/OR NATIONAL ORIGIN
### [Cal. Govt. Code §§ 12900. *et seq*.]

39. Plaintiff SHINTRE realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

40. California's Fair Employment and Housing Act (FEHA) (Govt. Code §§12900–12996) also protects the right to seek, obtain, and hold employment free from discrimination based on race, color, and national origin (which includes a perception that the person has any of those characteristics or is associated with a person who has, or is perceived to have, any of those characteristics)

41. Remedies under FEHA include damages for lost earnings, including future earnings; compensatory damages, including damages for emotional distress;

1 and punitive damages. *Commodore Home Sys. v. Superior Court* (1982) 32 Cal.3d
2 211; *Wilson v. Safeway Stores, Inc.* (1997) 52 Cal.App.4th 267, 273. Furthermore,
3 FEHA has no statutory limits on the amount of damages a successful Plaintiff may
4 recover. *Commodore Home Sys., Inc. v Superior Court* (1982) 32 Cal.3d 211, 215.
5 FEHA also authorizes attorney fees and costs to the prevailing Plaintiff. Govt. Code §
6 12965  A prevailing Plaintiff is entitled to recover attorney fees and costs absent
7 circumstances that would render the award unjust. *Chavez v. City of Los Angeles,*
8 (2010) 47 Cal.4th 970, 975.

9   42.   At all times herein mentioned, FEHA was in full force and effect and fully binding upon Defendant. Plaintiff is a member of a group protected by the statute.

12   43.   Here, EARNEST violated FEHA by discriminating against SHINTRE on the basis of his race, religion and/or national origin, when he was terminated from his employment. Furthermore, EARNEST's offered reason that his termination was based on negative performance was not grounded in the truth and was therefore pretextual.

17   44.   On March 4, 2022, EARNEST placed LI as SHINTRE's manager. SHINTRE, a south Asian male, began experiencing harassment from his new manager based on his race, religion and/or South Asian ancestry.

20   45.   On several occasions LI made derogatory remarks about SHINTRE's race, ethnicity, and religion. She denigrated SHINTRE's ethic, racial and religious background by mocking him for worshipping cows and not eating meat. She also made derogatory remarks about another Indian coworker. In turn, LI compared the two coworkers by making derogatory generalizations about their race being incompetent and untrustworthy.

26   46.   Then, LI proceeded to remove SHINTRE from several projects which she attributed to her lack of trust for him. LI subsequently refused to assign SHINTRE to projects which typically fell within his job description, and cancelled

SHINTRE's weekly department meetings.

47. On May 6, 2022, EARNEST terminated SHINTRE's employment. EARNEST claimed that the termination was due to under performance, complaints from team leads, and negative performance feedback from my previous supervisor. But this is merely a false pretext, as SHINTRE had never previously received any written or verbal notice or documentation regarding negative performance and all documented feedback from his previous manager shows SHINTRE's history of positive performance. This included an evaluation on January 31, 2022, that indicated he was meeting EARNEST's expectation.

48. EARNEST terminated SHINTRE employment without providing any notice or warning that he was underperforming. During the course of his employment SHINTRE was a model employee. He received no warnings or any other documentation alleging unsatisfactory job performance or negative behavior.

49. These facts show that EARNEST discriminated against SHINTRE on the basis of race, religion and/or national origin, and in turn wrongfully terminated his employment.

50. As a direct, foreseeable and proximate result of EARNEST's unlawful actions, SHINTRE has suffered, and continues to suffer substantial losses in earnings, equity and other employment benefits, and has incurred other economic and non-economic losses. As a further direct, foreseeable and proximate result of EARNEST's unlawful actions, SHINTRE has suffered emotional distress, humiliation, shame, and embarrassment. In this manner, SHINTRE is entitled to recover compensatory damages to compensate for lost wages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

51. EARNEST, through its agents, committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring SHINTRE, from an improper and evil motive amounting to malice, and in conscious

disregard of the rights or safety of SHINTRE. In this manner, SHINTRE is entitled to recover punitive damages from EARNEST.

52. Therefore, EARNEST is liable for wrongful termination in violation of FEHA.

53. Plaintiff also requests relief as described below.

## VII. PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

i. That the Court declare that EARNEST wrongfully terminated SHINTRE's employment due to his race, religion and/or national origin;

ii. An award of compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof allowed by law for unlawful discrimination, harassment and wrongful termination;

iii. An award of punitive damages;

iv. An award of reasonable attorneys' fees and costs;

v. An award of prejudgment and post-judgment interest; and

vi. An award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper.

PLAINTIFF AMIT SHINTRE demands a jury trial on all issues in this case.

Dated: May 24, 2023

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Nadir O. Ahmed*
DAVID MCGLOTHLIN, ESQ.
NADIR O. AHMED, ESQ.
*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC